# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **REHAN HANIF** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 15-0145-WS-N** |
| | ) | |
| **CYNTHIA STEWART,** | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

Currently before this Court is Petitioner, Rehan Hanif's, Motion For Injunctive Relief. (Doc. 35).  Under S.D. Ala. GenLR 72(b), the motion has been referred to the undersigned Magistrate Judge for entry of a recommendation as to the appropriate disposition, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Rule 8(b) of the Rules Governing § 2254 Cases in the United States District Courts, and S.D. Ala. GenLR 72(a)(2)(R).  Upon consideration, and for the reasons stated herein, the undersigned recommends that Hanif's Motion for Injunctive Relief (Doc. 35) be denied.

## BACKGROUND

Petitioner is a native of Pakistan, who enjoys lawful permanent resident status in the United Sates.  (Doc. 32-11 at 2; Doc. 35).  In 2012, Hanif was convicted of attempted solicitation of a child by a computer in violation of § 13A-6-110(1975) and § 13A-4-2.  (Doc. 32-11).  Prior to the filing of the instant motion, Hanif filed a § 2254 Petition seeking relief based on his conviction and sentence from the Circuit Court of Baldwin County, Alabama.

(Docs. 1, 7, 21).[1]  However, prior to a Report and Recommendation and/or Order being entered as to Hanif's habeas petition, he filed the instant motion notifying this Court that he is now subject to an order of deportation.  (Doc. 35 at 1).   According to Hanif, his deportation is based on his conviction in Baldwin County, Alabama, which is the subject of both a pending Rule 32 petition on remand and his federal habeas petition.  (*Id*.)  Hanif's motion seeks specific relief from this Court, to "issue an order to appropriate immigration agency to stop petitioner's removal proceeding and order him release[d] from immigration custody immediately."  (*Id*. at 4).   This Court interprets Hanif's Motion to assert that a stay of his deportation is necessary pending a ruling on either his pending post conviction appeal or his pending habeas petition in this Court.

## DISCUSSION

The REAL ID Act, 8 U.S.C. § 1252, divests this court of jurisdiction to hear any challenge to a final order of removal. *See Mata v. Sec'y of Dep't of Homeland Sec.*, 426 F. App'x 698, 699–700 (11th Cir. 2011) ("[A]n order of removal may be reviewed only by a court of appeals after the filing of a petition for review.").  The REAL ID Act states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision ..., a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]

---

[1] Hanif's § 2254 Petition is the subject of a separate Report and Recommendation.

8 U.S.C. § 1252(a)(5).  "This provision has consistently been interpreted by district courts faced with a motion to stay removal as stripping them of jurisdiction to provide such relief." *Watson v. Stone*, 2013 WL 6072894, *2 (M.D. GA, November 18, 2013) *citing to Tejada v. Cabral*, 424 F.Supp.2d 296, 298 (D.Mass. 2006) ("Congress made it quite clear that all court orders regarding alien removal be they stays or permanent injunctions were to be issued by the appropriate courts of appeals."); *Lage v. Chapdelaine*, No. 3:10–cv–1030, 2010 WL 4688820, at *4 (D.Conn. Nov. 10, 2010) ("The Real ID Act of 2005 not only strips district courts of the power to review final orders of removal, but it also precludes district courts from staying orders of deportation or removal."); *Eisa v. Immigration & Customs Enforcement*, No. 08–civ–6204, 2008 WL 4223618, at *4 (S.D.N.Y. Sept. 11, 2008) (finding that the court lacked jurisdiction to grant petitioner a stay of removal); *Wilfort v. Gonzales*, No. 07–0350–CG–C, 2007 WL 2220461, at *2 (S.D. Ala. Jul.27, 2007) (same).  "The only statutory exception is set forth in 8 U.S.C. § 1252(a)(5), which allows habeas review in the district courts under § 1252(e) and 28 U.S.C. § 2241 to determine whether an individual is an alien, is subject to a removal order, or already has lawful status as a permanent resident, refugee, or asylee." *Ingram v. Holder*, 2012 WL 1339919, at *2 (N.D. Ala. April 13, 2012).

In the instant action, Hanif has filed a Petition for Habeas relief in this Court pursuant to § 2254, challenging his conviction, which is the underlying

basis for his anticipated deportation. Hanif's motion is not within a statutory exception and jurisdiction does not lie in this Court.  Therefore, only a federal court of appeals, not this district court, might possess subject-matter jurisdiction to review the correctness of the removal order. (*Id.*) *(citing to Alexandre v. United States Atty. Gen.*, 452 F.3d 1204, 1206 (11th Cir. 2006); *Mata*, *supra*; *Invantchouk v. United States Atty. Gen.*, 417 Fed. App'x 918, 921–22 (11th Cir. 2011).  This court is additionally without authority to grant the relief requested by Hanif, i.e., to stay his removal pursuant to his removal order. *See Ingram, supra; Mata, supra*; *Joseph v. Napolitano*, 2010 WL 1507040, *1 (S.D. Fla. 2010); *Sanchez–Montes v. Department of Homeland Sec.*, 2008 WL 298967, *1–3 (M.D. Fla. 2008); *Sanchez v. State of Fla.*, 2009 WL 1953002, *2 (M.D.Fla.2009).  As a result, Hanif's Motion (Doc. 35) is due to be denied.

## CONCLUSION

Based on the above analysis, it is recommended that Hanif's Motion for Injunctive Relief (Doc. 35) be denied as this Court is without jurisdiction to grant the requested relief.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of

this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this the 14th day of February, 2017.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**