## IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **REHAN HANIF** | ) |
|     **Petitioner,** | ) |
| | ) |
| **v.** | )   **CIVIL ACTION NO. 15-00145-WS-N** |
| | ) |
| **CYNTHIA STEWART,** | ) |
|     **Respondent.** | ) |

## REPORT AND RECOMMENDATION

Petitioner Rehan Hanif ("Hanif"), an Alabama prisoner[1] proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 21).[2] The Respondent, through the Office of the Attorney General of the State of Alabama, has timely filed an Answer to the Petition (Doc. 30), with exhibits (Doc. 32) and Hanif has timely filed a reply to each (Docs. 31, 34). On October 20, 2017, pursuant to the Court's Order, Respondent filed an amended answer and additional exhibits. (Docs. 43-44). Hanif subsequently filed a reply styled as a request for the Court to take judicial notice. (Doc. 45). Hanif's habeas petition is now under submission and is ripe for disposition.

Under S.D. Ala. GenLR 72.2(b), the petition has been referred to the undersigned Magistrate Judge for entry of a recommendation as to the

---

[1] Hanif was an Alabama prisoner at the time his petition was filed and has since been released from state custody but may now be in the custody of United States Immigration and Customs Enforcement. (Docs. 1, 10). It is also possible that Hanif has been deported. Hanif is a native of Pakistan but had permanent resident status in the United States at the time of his arrest. (Doc. 32-11 at 2).

[2] Hanif initially filed a handwritten petition on March 16, 2015 (Doc. 1), and, as a result, was ordered to re-file his petition on the Court's form. (Doc. 3). Hanif complied with this Court's Ordered and filed his corrected petition on March 25, 2015. (Doc. 4). Following a Motion to Dismiss filed by Respondent, Hanif was allowed to amend his petition (Doc. 20) and thereafter, filed the instant operative habeas petition on December 22, 2015. (Doc. 21).

appropriate disposition, in accordance with 28 U.S.C. § 636(b)(1)(B)-(C), Rule 8(b) of the Rules Governing § 2254 Cases in the United States District Courts, and S.D. Ala. GenLR 72(a)(2)(R). After reviewing the pleadings, party submissions, and applicable law, the undersigned recommends that no evidentiary hearing is required and that Hanif's petition should be **DENIED**.

## I. BACKGROUND

As detailed herein, the procedural background of this § 2254 proceeding is both layered and complicated. Some of these proceedings were still in progress when Hanif first filed his § 2254 motion in this Court.[3] However, each of these proceedings have now concluded.

### A. Hanif's Original Plea and Subsequent Withdrawal

In May 2006, the Baldwin County, Alabama Grand Jury indicted Hanif on three charges: (1) soliciting a child by computer in violation of Alabama Code § 13A-6-110 (1975) (since repealed by Act 2009-745 2233, § 9, effective May 22, 2009); (2) attempted solicitation of a child by computer in violation of Ala. Code §§ 13A-6-110 and 13A-4-2; and (3) enticing a child to enter a vehicle, room, house, office, or other place, for immoral purposes in violation of Ala. Code § 13A-6-69. (Doc. 32-2 at 65.) Upon Hanif's motion, the charge of soliciting a child by computer was dismissed because the "child" solicited was actually an undercover adult agent. (Doc. 32-11 at 2-3.) In March 2010, Hanif pled guilty to attempted solicitation of a child by computer. (*Id.* at 3.) Sentencing was delayed over a year because Hanif left the country. (*Id.* at

---

[3] For more discussion, see the Court's Order withdrawing its previous Report and Recommendation (Doc. 43).

3 n. 1). When he returned, he was sentenced to three year term of imprisonment and ordered to pay various fines and court costs. (Doc. 32-11 at 3.) Hanif did not appeal.

In January 2012, Hanif filed a petition pursuant to Alabama Rule of Criminal Procedure 32, asserting, inter alia, that the plea was involuntary because trial counsel failed to fully inform him of the immigration consequences of his guilty plea and that the trial court failed to inform of him of various rights during the plea colloquy. (Doc. 32-1 at 127-201; Doc. 32-2 at 2-4.) At the hearing on the petition, the State conceded that there was no transcript of the plea colloquy and no record that Hanif signed a form recognizing that he understood and waived his rights. (Doc. 32-11 at 3.) With the State's acquiescence, the plea was set aside, the third count of the indictment was reinstated, and the case was set for a new trial. (Doc. 32-11 at 3.)

## B.    Trial and Direct Appeal

Before trial, Hanif moved to dismiss the two remaining charges (enticement and attempted solicitation), arguing that under *Tennyson v. State*, 101 So. 3d 1256 (Ala. Crim. App. 2012), one cannot be guilty of attempted solicitation of a child or enticing a child where the object of the attempt or enticement is actually an undercover officer who is not a child. (Doc. 32-1 at 12-14.) The motion was denied on September 12, 2012.  Jury selection began the same day. (Doc. 32-1 at 23).

The trial took place on September 13, 2012. (Doc. 32-3 at 151). The Alabama Court of Criminal Appeals summarized the State's evidence as follows:

> During trial, the State presented evidence that in April 2006 Hanif used a computer to communicate with an individual that he believed to be a 14-year-old girl in Baldwin County and solicit her to engage in oral sex. Although he believed he was communicating with a 14-year-old girl

named "Jennifer" in a chatroom, Hanif was actually communicating with Commander William Cowan of the Gulf Shores police department. Hanif agreed to meet "Jennifer" at a car wash in Gulf Shores. Once Hanif arrived at the car wash, he was arrested. After his arrest, Hanif gave a statement to police admitting that he had agreed to meet "Jennifer" at the car wash to engage in oral sex.

(Doc. 32-11 at 3). The defense rested without presenting any evidence. (Doc. 32-11 at 3). Hanif moved for a judgment of acquittal, which the trial court denied as to the attempted solicitation charge, but granted as to the enticement charge. (Doc. 32-11 at 3). The jury found Hanif guilty of attempted solicitation of a child by computer. (Doc. 32-11 at 5.) Hanif was sentenced to a ten year term of imprisonment and ordered to pay various fines and court costs. (Doc. 32-11 at 5).

On appeal, Hanif argued (1) that he was prejudiced by an incomplete appellate record; (2) that the crimes of solicitation of a child by computer under Ala. Code § 13A-6-110 and attempt under § 13A-4-2 are incompatible because both solicitation and attempt are "inchoate crimes;" and (3) that the ten year sentence imposed was a vindictive increase over his shorter guilty-plea sentence that was overturned. (Doc. 32-8 at 27-4; Doc. 32-9; Doc. 32-10; Doc. 32-11 at 4-10). In affirming the trial court's judgment, the Alabama Court of Criminal Appeals held that the first and third claims were meritless. (Doc. 32-11 at 8-10). The Alabama Court of Criminal Appeals found that the second claim was not preserved and also questioned whether the third claim was preserved. (Doc. 32-11 at 6-8). Hanif's application for rehearing was overruled on November 1, 2013. (Doc. 32-12; Doc. 32-13). On December 6, 2013, Hanif's petition for writ of certiorari to the Alabama Supreme Court was denied without opinion, and the certificate of judgment issued the same day. (Docs. 32-14, 32-15 and 32-16)).

### C. Hanif's Challenge to the Alabama Department of Corrections' Inmate Classification

On November 27, 2013, while Hanif's direct appeal was still pending, he filed a petition for writ of certiorari in state circuit court seeking relief from the decision of the Department of Corrections ("DOC") classifying him as a sex offender, which placed certain restrictions on his confinement, asserting that the decision had violated his due process and equal protection rights under the Fourteenth Amendment. (Doc. 44-1 at 8-22, 30-33). On February 18, 2014, the trial court summarily dismissed the petition. (*Id.* at 5, 60). The trial court also denied Hanif's motion to reconsider. (*Id.* at 67-80).

Hanif appealed[4], arguing (1) that the circuit court abused its discretion by dismissing his petition without a hearing and reasserting; (2) that the classification violated his due process rights because the statute he was convicted under was repealed and because no actual child was involved in his offense; and (3) that the classification improperly prevented him from earning correctional incentive time. (Docs. 44-3 at 14-28; 44-4; 44-5 at 4-11). The Alabama Court of Criminal Appeals affirmed the lower court's dismissal, holding, *inter alia*, that Hanif did not have a Fourteenth Amendment liberty or property interest in his inmate classification and that the DOC's classification system contains no inherent constitutional invalidity. (Doc. 44-6 at 4-6).[5]

---

[4] Montgomery County Circuit Court: CV-13-820; Alabama Court of Criminal Appeals CR-13-0872.

[5] The Alabama Court of Criminal Appeals also held that DOC policy requires an inmate to receive a sex offender classification if he has been convicted of any offense specified in Alabama's Community Notification Act ("CNA") and that the CNA specifically lists soliciting a child by computer as a sex offense and includes a provision including any attempt to commit the listed offenses. (Doc. 44-6). The

Hanif filed an application for rehearing, which was overruled. (Docs. 44-7 and 44-8). On February 13, 2015, Hanif's petition for writ of certiorari in the Alabama Supreme Court was denied without opinion, and the certificate of judgment issued the same day. (Docs. 44-9 and 44-10).

### D. Hanif's State Post-conviction Proceedings

On November 14, 2014, pursuant to Alabama Rule of Criminal Procedure 32, Hanif filed a petition for post-conviction relief challenging his conviction and sentence in the Circuit Court of Baldwin County, Alabama. (Doc. 32-17 at 6-13).[6] Hanif's petition contained eight claims for relief:

(1) ineffective assistance of counsel;

(2) trial court was without jurisdiction to render the judgment or to impose the sentence because the law under which Hanif was charged had been repealed;

(3) Statute §13A-6-110 requires a person to "knowingly" solicit a "child" by computer;

(4) Petitioner was lured, tricked or entrapped by law enforcement officer;

(5) Statute 13A-6-110(a) requires as an element of the offense that the charged conduct be directed at a child under the age of 16;

(6) Unfair and impartial prosecution and trial;

(7) State has illegally spoiled the evidence which was in favor of petitioner; and

(8) The state unconstitutionally over broadened the essential element of the statute § 13A-6-110 by adding the mental state of accused at the time of the alleged offense.

---

court further held that Hanif failed to demonstrate that the DOC's classification system was arbitrary or capricious or that it erred in applying the system to his offense. (*Id*. at 6.)
[6] Baldwin County Circuit Court CC06-1164.61.

(Doc. 32-17 at 20-76). On December 10, 2014, prior to the filing of a response to the petition by the State, the Baldwin County Circuit Court entered an order holding that claims 4, 6, and 7, were precluded because they could have been raised at trial and/or on appeal. The state court further concluded that claims 1, 4, 6, and 7 were precluded because the petition was untimely. (Doc. 32-17 at 81-82). The state court then ordered the State to respond to the remaining claims (2, 3, 5, and 8). (*Id.*) On December 22, 2014, Hanif filed a motion to alter, amend, or vacate the order, asserting that he had filed the petition within the applicable one-year statute of limitations. On January 14, 2015, the state court denied the motion. (Doc. 32-17 at 84-88). On January 9, 2015, the State filed a response to the remaining claims, asserting that claims 3 and 5 could have been raised at trial and were therefore precluded and that claims 2 and 8 were raised at trial and were meritless. (Doc. 32-17 at 102-03).

On October 8, 2015, after a hearing, the state court dismissed the Rule 32 petition, dismissing claims 1, 4, 6, and 7 based on the grounds detailed in its previous order and that claims 2, 3, 5, and 8 were not jurisdictional and were untimely. (Doc. 32-17 at 117). On October 19, 2015, Hanif appealed the dismissal of the Rule 32 petition to the Alabama Court of Criminal Appeals, asserting that his petition was timely and that he had raised meritorious claims. (Doc. 32-18 at 14-35).[7]

In response, the State asserted that the record did not contain either the trial court's order granting Hanif *in forma pauperis* ("IFP") status or evidence that Hanif

---

[7] Alabama Court of Criminal Appeals CR-15-0100.

paid the requisite filing fee and, therefore, it was likely that the court lacked jurisdiction to rule on the Rule 32 petition which was the subject of the appeal. (Doc. 32-19 at 19-21). The State requested that the appeal be remanded to the state court for a determination as to jurisdiction and if no jurisdiction existed, to dismiss the appeal. (Doc. 32-19 at 27). The State additionally conceded that the state court erred in finding Hanif's Rule 32 petition untimely, but urged that all of Hanif's claims asserted in his Rule 32 petition, except one (ineffective assistance of counsel) had been waived. (*Id*. at 21-28). Hanif replied by stating that he had been granted IFP status and that he had not abandoned any of his claims on appeal. (Doc. 32-20 at 4-11).

On March 16, 2016, the Alabama Court of Criminal Appeals issued an order remanding the case to the trial court for a determination as to whether Plaintiff had been granted IFP status or paid the filing fee. (Doc. 32-21 at 1-2). It further ordered that the case be set aside pending further order by the court. (*Id*. at 2).

On April 18, 2016, the Baldwin County Circuit Court issued an order stating that it had granted Hanif *in forma pauperis* status prior to dismissing the petition. (Doc. 44-11 at 8). On May 23, 2016, the Alabama Court of Criminal Appeals ordered that the case be remanded a second time for the trial court to consider the merits of Hanif's claim that he was denied effective assistance of counsel by trial counsel's failure to inform him of his right to testify. (Doc. 44-12).

On July 13, 2016, the trial court held a hearing on Hanif's petition. (Doc. 44-14 at 13, 39). The Baldwin County Circuit Court found that Hanif was unable to

appear at the hearing because he was in federal custody awaiting deportation and that there was no mechanism for obtaining his presence. (*Id*. at 13). The court found that Hanif did not provide any affidavits, written interrogatories, or depositions in support of his claims, that Hanif was not deprived of effective assistance of counsel, and that Hanif's statement denying culpability was presented to the jury, "in essence allowing him to testify without having to be cross examined." (*Id*.).

"On Return to Second Remand," the Alabama Court of Criminal Appeals affirmed the trial court's decision. (Doc. 44-14). The court assumed without deciding that trial counsel failed to inform Hanif of his right to testify and that this failure constituted deficient performance, Hanif still failed to show that he was prejudiced by this failure. (*Id*. at 5-6.) It noted that the written statement Hanif gave to police following his arrest was admitted into evidence, wherein Hanif claimed that he believed the female he was communicating with in the computer chat room was above twenty-one years old based on the picture in her profile. (*Id*. at 6-7.) It therefore held that the evidence Hanif would have presented by testifying was effectively presented to the jury without his having to take the stand and that Hanif could not show that his testimony would have changed the result. (*Id*. at 7).

The Alabama Court of Criminal Appeals also held that Hanif's other claim of ineffective assistance, which alleged that trial counsel failed to call Officer Janelle White, the female officer with whom Hanif had communicated on the phone, as a witness. (*Id*. at 7.) Hanif argued that her testimony would have established that she was adult, which would have undermined any inference that he had the intent to

solicit a child. (*Id*.) The appellate court noted that another officer testified at trial that Officer White was "an adult, over 16, and married." (*Id*.). As such, it failed that he could not establish any prejudice from the failure to call Officer White. (*Id*.)

The appellate court also rejected Hanif's claim that the trial court lacked jurisdiction to impose the sentence because the statute he was convicted under, § 13A-6-110 of the Code of Alabama, was repealed in 2009, prior to his conviction (claim 2 in the petition). (*Id*. at 7-10.) The court noted that § 13A-6-110 was simultaneously repealed and replaced with § 13A-6-122 of the Code of Alabama, which was substantially similar and therefore should be construed as a continuation of the offense rather than an implicit repeal. (*Id*. at 9-10).

The appellate court held that Hanif's claim that his indictment improperly expanded the mental state required for the commission of the offense was procedurally barred because it could have been, but was not, raised on appeal. (*Id*. (citing Ala. R. Crim. P. 32.2(a)(5)).) The appellate court held that, because Hanif reasserted only these three claims from his petition in his appellate brief, he had abandoned the other five claims. (*Id*. at 4). It also found that Hanif had raised claims on appeal that were not in his petition and that those claims were not preserved for review. (*Id*.).

On December 19, 2016, Hanif filed an application for rehearing, which was overruled. (Docs. 44-15, 44-16). He then filed a petition for writ of certiorari in the Alabama Supreme Court, which only addressed the three claims he raised before the Alabama Court of Criminal Appeals. (Doc. 44-17). On March 17, 2017, the petition

was denied without opinion and the certificate of judgment issued the same day. (Doc. 44-18).

### E. Hanif's 28 U.S.C. § 2254 Petition

#### 1. In Custody Requirement

Hanif's original petition was filed on or about March 11, 2015, and was amended on December 22, 2015. (Docs. 1, 21). At the time Hanif filed his petition, he was in the custody of the State of Alabama. (Doc. 1). However, sometime in June 2015, he was released from the State of Alabama's custody and was placed in the custody of Immigration and Customs Enforcement ("ICE").

A federal district court may entertain a petition for writ of habeas corpus under 28 U.S.C. § 2254 only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). This "in custody" requirement is jurisdictional. *Stacey v. Warden, Apalachee Corr. Inst.,* 854 F.2d 401, 403 (11th Cir. 1988). To satisfy the "in custody" requirement, "the habeas petitioner [must] be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook,* 490 U.S. 488, 490–91 (1989). A person is "in custody pursuant to the judgment of a State court" if the state court sentence has not fully expired. *Jones v. Cunningham,* 371 U.S. 236, 242 (1963) (petitioner on parole was "in custody," even though not physically confined).

Though Hanif is no longer "in custody" of the State of Alabama, he was in its custody at the time his petition was filed. Thus, he satisfies the § 2254 custody requirement.

### 2. Mootness

Hanif reported that he "has been in transition stage of his removal from the United States" but it is unclear from the record whether he remains in the custody of the United States or has been deported. (Doc. 40). Article III of the Constitution, known as the case and controversies limitation, prevents federal courts from deciding moot questions because the Court lacks subject matter jurisdiction. U.S. Const. art. III, § 2; *Coral Springs St. Sys., Inc. v. City of Sunrise,* 371 F.3d 1320, 1327 (11th Cir. 2004). Mootness can occur due to a change in circumstances or a change in law. *Id.* at 1328. A case is also moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party. *Troiano v. Supervisor of Elections in Palm Beach County, Fla.,* 382 F.3d 1276, 1282 (11th Cir.2004) (citing Al *Najjar v. Ashcroft,* 273 F.3d 1330, 1335-36 (11th Cir. 2001)). Dismissal is not discretionary but "is required because mootness is jurisdictional. Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id.* The fact of deportation, alone, is not sufficient to render a claim automatically moot. *See Sibron v. New York,* 392 U.S. 40, 54-56 (1968). Rather, whether a habeas petition presents a case or controversy hinges on whether the petitioner suffers "collateral consequences" as a result of the conviction he challenges. *Spencer v. Kemna,* 532 U.S. 1, 7 (1998); *Maggard v. Florida Parole Comm.,* 616 F.2d 890, 891 (5th Cir.1980) (citations omitted).[8]

---

[8] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Hanif states

> Petitioner was lawful permanent resident of United States and has U.S born citizen wife and minor son living in United States but due to petitioner's underlying wrongful conviction he is facing removal proceeding by Immigration and Custom Enforcement (ICE). On October 18[,] 2016, Immigration Court at Oakdale, Louisiana ordered petitioner removed from United States due to petitioner's one and only conviction from Circuit Court of Baldwin County, Alabama which he is attacking in this Honorable Court and Alabama Appeal Court….petitioner's wrongful conviction…is the only basis for his removal proceeding…

(Doc. 35 at 1-2). In a similar context, the Southern District of Florida has observed:

> A habeas petition becomes moot once the petitioner is released from custody unless the petitioner can show some sufficient collateral consequence of the underlying proceeding. *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Several circuits have held that the ten year bar on readmission to the United States of a removed alien under 8 U.S.C. 1182(a)(9) is a sufficient enough collateral consequence that a habeas petition remains a live controversy even after a petitioner's release, and even after the prisoner's deportation. *Leitao v. Reno,* 311 F.3d 453, 456 (1st Cir.2002) (collecting cases); *see also Smith v. Ashcroft,* 295 F.3d 425, 428 (4th Cir.2002) ("[T]hough Smith is no longer in the United States, he is unmistakably affected by the legal implications of our decision. If he prevails, there is a possibility he can beneficially unravel his untoward immigration status.").

> In *Leito,* the First Circuit found that a habeas petitioner who faced a permanent bar on readmission to the country also faced a collateral consequence that presented a live controversy, even though he had been released from prison. 311 F.3d at 456. Abuchar's case has similar collateral consequences. He claims he is now subject to automatic deportation as a result of ineffective assistance of counsel. This type of collateral consequence is enough to make Abuchar's habeas petition a live controversy, even if he has been released from prison. In addition, based on the original sentence in this case, it appears that Abuchar is still on supervised release. [CR–ECF No. 19, pp. 3–4]. The Eleventh Circuit has held that a habeas petition filed by a prisoner in custody is not mooted by his subsequent release where the petitioner is still serving his term of supervised release, which involves "some restrictions upon his liberty." *Dawson v. Scott* 50 F.3d 884, 886 n. 2 (11th Cir.1995).

*Abuchar v. United States*, No. 10-20779-CR, 2014 WL 5810688, at \*6–7 (S.D. Fla. Nov. 7, 2014). Upon consideration, the undersigned finds that even if Hanif has been deported, his conviction in the underlying action for which he seeks habeas relief, has subjected him to deportation which may serve as a collateral consequence, thus his petition is not moot.

### 3. Summary of Claims

Hanif's amended habeas petition alleges the following grounds for relief:

(1) that the trial court lacked jurisdiction to convict and sentence him for attempted soliciting a child by computer because Ala. Code. § 13A-6-110 (1975) was subsequently repealed;

(2) that it is an essential element of the crime that an actual child be involved and the "child" was actually an undercover police officer;

(3) that he did not knowingly attempt to solicit a child by a computer because the undercover officer was not actually a child and also because he believed that the "child" he was communicating with was actually an adult that was lying about her age;

(4) that the State of Alabama illegally spoiled evidence against him;

(5) that there was a fatal variance between the indictment and the charges as presented to the jury;

(6) that the record on appeal was incomplete;

(7) that trial counsel was ineffective for failing to inform him of his right to testify that he believed the "child" he traveled to meet was an adult based on her online profile picture and her voice on the phone and for failing to call as a witness the undercover officer that called him so that the jury could hear her voice;

(8) that he was lured, tricked, or entrapped to commit the offense; and

(9) that he was improperly assigned sex offender status due to the trial court's misinterpretation of Ala. Code 1975 § 13A-6-110 and 15-20A-5(31)-(32).

(Doc. 21). As discussed herein, the undersigned finds that none of these grounds entitle Hanif to habeas relief and his petition is due to be **DENIED**.

## II.    LEGAL STANDARD

"The habeas statute unambiguously provides that a federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or law or treaties of the United States.' " *Wilson v. Corcoran*, 526 U.S. 1, 5 (2010) (quoting 28 U.S.C. § 2254(a)). As such, this court's review of claims seeking habeas relief is limited to questions of federal constitutional and statutory law. Claims that turn solely upon state law principles fall outside the ambit of this court's authority to provide relief under § 2254. *See Alston v. Dep't of Corr.*, 610 F. 3d 1318, 1326 (11th Cir. 2010).

### A.    Exhaustion of State Court Remedies: The First Condition Precedent to Federal Habeas Review

A habeas petitioner must present his federal claims to the state court, and exhaust all of the procedures available in the state court system, before seeking relief in federal court. 28 U.S.C. § 2254(b)(1); *Medellin v. Dretke*, 544 U.S. 660, 666 (2005) (holding that a petitioner "can seek federal habeas relief only on claims that have been exhausted in state court"). This requirement serves the purpose of ensuring that state courts are afforded the first opportunity to address federal questions affecting the validity of state court convictions and, if necessary, correct violations of a state prisoner's federal constitutional rights. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998).

In determining whether a claim is properly exhausted, the Supreme Court has stated that "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 5-6 (1982) (citations omitted). Instead, "an issue is exhausted if 'the reasonable reader would understand [the] claim's particular legal basis and specific factual foundation' to be the same as it was presented in state court." *Pope v. Sec'y for Dep't Of Corr.*, 680 F.3d 1271, 1286-87 (11th Cir. 2012) (quoting *Kelley v. Sec'y, Dep't of Corr.*, 377 F.3d 1317, 1344-45 (11th Cir. 2004)).

## B. The Procedural Default Doctrine: The Second Condition Precedent to Federal Habeas Review

Under the procedural default doctrine, federal review of a habeas petitioner's claim is barred if the last state court to examine the claim states clearly and explicitly that the claim is barred because the petitioner failed to follow state procedural rules, *and* that procedural bar provides an adequate and independent state ground for denying relief. *See Cone v. Bell,* 556 U.S. 449, 465 (2009); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The Supreme Court defines an "adequate and independent" state court decision as one that "rests on a state law ground that is *independent* of the federal question and *adequate* to support the judgment." *Lee v. Kemna,* 534 U.S. 362, 375 (2002) (quoting *Coleman v. Thompson,* 501 U.S. 722, 729 (1991)).

To be considered "independent," the state court's decision "must rest solidly on state law grounds, and may not be 'intertwined with an interpretation of federal law.'" *Judd v. Haley,* 250 F.3d 1308, 1313 (11th Cir. 2001) (quoting *Card v. Dugger*, 911 F.2d 1494, 1516 (11th Cir. 1990)). To be considered "adequate" to support the state

court's judgment, the state procedural rule must be both "firmly established and regularly followed." *Lee v. Kemna,* 534 U.S. at 375 (quoting *James v. Kentucky,* 466 U.S. 341, 348 (1984)).

## C. Overcoming Procedural Default: The Cause and Prejudice Analysis

"A federal court may still address the merits of a procedurally defaulted claim if the petitioner can show cause for the default *and* actual prejudice resulting from the alleged constitutional violation." *Ward v. Hall,* 592 F.3d 1144, 1157 (11th Cir. 2010) (citing *Wainwright v. Sykes,* 433 U.S. 72, 84-85 (1977)) (emphasis added). The Supreme Court has recognized that constitutionally ineffective assistance of counsel on direct appeal can constitute "cause" to excuse procedural default. *McCleskey v. Zant,* 499 U.S. 467, 493-94 (1991). However, any attorney error short of constitutionally ineffective assistance of counsel does not constitute cause, and will not excuse a procedural default. *Id.*

In addition to proving the existence of "cause" for a procedural default, a habeas petitioner must show that he was actually "prejudiced" by the alleged constitutional violation. To show prejudice, a petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and *substantial* disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady,* 456 U.S. 152, 170 (1982) (emphasis added); *see also McCoy v. Newsome,* 953 F.2d 1252, 1261 (11th Cir. 1992) (*per curiam*). In the context of a defaulted ineffective assistance of trial counsel claim, a petitioner must show not only "cause," but also "that the underlying ineffective

assistance of trial counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez v. Ryan*, 132 S. Ct. 1309, 1318-19 (2012).

### D. The Statutory Overlay: The Effect of the Antiterrorism and Effective Death Penalty Act of 1996 on Habeas Review

Hanif's case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). To "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law," the AEDPA establishes a deferential standard of review of state habeas judgments. *Bell v. Cone*, 535 U.S. 685, 693 (2002).

#### 1. 28 U.S.C. § 2254(e)(1)

Section 2254(e)(1) requires district courts to *presume* that a state court's factual determinations are correct, unless the habeas petitioner rebuts the presumption of correctness with clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *see also*, *e.g., Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001) (observing that § 2254(e)(1) provides "a highly deferential standard of review for factual determinations made by a state court"). The deference that attends state court findings of fact pursuant to § 2254(e)(1) applies to all habeas claims, regardless of their procedural stance. Thus, a presumption of correctness must be afforded to a state court's factual findings, even when the habeas claim is being examined *de novo*. *See Mansfield v. Secretary, Department of Corrections*, 679 F.3d 1301, 1313 (11th Cir. 2012).

## 2.    28 U.S.C. § 2254(d)

The presumption of correctness also applies to habeas claims that were adjudicated on the merits by the state court and, therefore, are claims subject to the standards of review set out in 28 U.S.C. § 2254(d)(1) or (d)(2). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." *Harrington v. Richter*, 562 U.S. 86, 98 (2011).

The provisions of 28 U.S.C. § 2254(d)(1) and (d)(2) provide that when a state court has made a decision on a petitioner's constitutional claim, habeas relief cannot be granted, unless the federal court determines that the state court's adjudication of the claim *either*:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; *or*

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added).

The Supreme Court has explained the deferential review of a state court's findings:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

The court should remember that "an *unreasonable* application of federal law is different from an *incorrect* application." *Id.* at 410. A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law *erroneously* or *incorrectly*. Rather, that application must also be *unreasonable*." *Id.* at 411 (emphasis added).[9] To demonstrate that a state court's application of clearly established federal law was "objectively unreasonable," the habeas petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law *beyond any possibility for fairminded disagreement*." *Harrington v. Richter*, 562 U.S. at 786-87 (emphasis added).

## E.    Ineffective Assistance of Counsel Claims

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court established a two-pronged analysis for determining whether counsel's performance was ineffective. "First, the defendant must show that counsel's performance was

---

[9] The Court of Appeals for the Eleventh Circuit has observed that § 2254(d)(1)'s "unreasonable application" provision is the proper statutory lens for viewing the "run-of-the-mill state-court decision applying the correct legal rule." *Alderman v. Terry*, 468 F.3d 775, 791 (11th Cir. 2006).

> In other words, if the state court identified the correct legal principle but unreasonably applied it to the facts of a petitioner's case, then the federal court should look to § 2254(d)(1)'s "unreasonable application" clause for guidance. "A federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was *objectively* unreasonable."

*Id.* (quoting *Williams*, 529 U.S. at 409).

deficient.... Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. Both parts of the *Strickland* standard must be satisfied: that is, a habeas petitioner bears the burden of proving, by "a preponderance of competent evidence," that the performance of his trial or appellate attorney was *deficient*; *and*, that the deficient performance *prejudiced his defense.* *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*). Thus, a federal court is not required to address both parts of the *Strickland* standard when the habeas petitioner makes an insufficient showing on either one of the prongs. *See*, *e.g.*, *Holladay v. Haley*, 209 F.3d 1243, 1248 (11th Cir. 2000) ("Because both parts of the test must be satisfied to show a violation of the Sixth Amendment, the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa.") (citation to *Strickland* omitted).

### 1. Performance Prong

To satisfy the performance prong, the petitioner must "prove by a preponderance of the evidence that counsel's performance was unreasonable." *Stewart v. Secretary, Department of Corrections*, 476 F.3d 1193, 1209 (11th Cir. 2007) (citing *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000)). The Sixth Amendment does not guarantee a defendant the very best counsel or the most skilled attorney, but only an attorney who performed reasonably well within the broad range of professional norms. *Stewart, 476 F.3d at 1209.* "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have

acted, in the circumstances, as defense counsel acted at trial." *White v. Singletary*, 972 F.2d 1218, 1220 (11th Cir. 1992). Judicial scrutiny of counsel's performance must be highly deferential, because "[r]epresentation is an art, and an act or omission that is unprofessional in one case may be sound or even brilliant in another." *Strickland*, 466 U.S. at 693.

Indeed, reviewing courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Based on this strong presumption of competent assistance, the petitioner's burden of persuasion is a heavy one: '*petitioner must establish that no competent counsel would have taken the action that his counsel did take.*' " *Stewart*, 476 F.3d at 1209 (quoting *Chandler*, 218 F.3d at 1315) (emphasis added). "Even if many reasonable lawyers would not have done as defense counsel did at trial, no relief can be granted on ineffectiveness grounds *unless it is shown that no reasonable lawyer*, *in the circumstances*, *would have done so.*" *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994) (emphasis added).

## 2. Prejudice Prong

"A petitioner's burden of establishing that his lawyer's deficient performance prejudiced his case is also high." *Van Poyck v. Fla. Dep't of Corr.*, 290 F.3d 1318, 1322 (11th Cir. 2002). "It is not enough for the [petitioner] to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* (quoting *Strickland*, 466 U.S. at 693) (alteration in original). Instead, to prove prejudice, the habeas petitioner "must show that there is a reasonable probability that, but for counsel's

unprofessional errors, the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "[W]hen a petitioner challenges a death sentence, 'the question is whether there is a reasonable probability that, absent the errors, the sentencer ... would have concluded that the balance of aggravating and mitigating circumstances did not warrant death.'" *Stewart*, 476 F.3d 1193, 1209 (11th Cir. 2007) (quoting *Strickland*, 466 U.S. at 695). The standard is high, and to satisfy it, a petitioner must present "proof of ' "unprofessional errors" so egregious "that the trial was rendered unfair and the verdict rendered suspect." ' " *Johnson v. Alabama*, 256 F.3d 1156, 1177 (11th Cir. 2001) (quoting *Eddmonds v. Peters*, 93 F.3d 1307, 1313 (7th Cir. 1996)).

### 3. Deference Accorded State Court Findings

A reviewing court must give state court findings of historical fact made in the course of evaluating a claim of ineffective assistance of counsel a presumption of correctness under 28 U.S.C. §§ 2254(d)(2) and (e)(1). *See e.g.*, *Thompson v. Haley*, 255 F.3d 1292, 1297 (11th Cir. 2001). To overcome a state court finding of fact, the petitioner bears a burden of proving contrary facts by clear and convincing evidence. Additionally, under the AEDPA, a federal habeas court may grant relief based on a claim of ineffective assistance of counsel *only if* the state court determination involved an "unreasonable application" of the *Strickland* standard to the facts of the case. *Strickland* itself, of course, also requires an assessment of whether counsel's conduct was professionally unreasonable. Those two assessments cannot be conflated into

one. *See Harrington v. Richter,* 562 U.S. 86, 101-02. Thus, habeas relief on a claim of ineffective assistance of counsel can be granted with respect to a claim actually decided by the state courts *only if* the habeas court determines that it was "objectively unreasonable" for the state courts to find that counsel's conduct was not "professionally unreasonable." "The standards created by *Strickland* and § 2254(d) are 'highly deferential,' ... and when the two apply in tandem, review is 'doubly' so." *Id.* at 105.

## III.    ANALYSIS

### A.    Claim One: State Court's Lack of Jurisdiction

In his first claim, Petitioner argues that the trial court lacked jurisdiction to convict and sentence him for attempted soliciting a child by computer because Ala. Code. § 13A-6-110 (1975) was subsequently repealed. (Doc. 21 at 3-4). Respondent argues that Petitioner raised this claim in his Rule 32 petition. (Doc. 44 at 17). The trial court dismissed the claim, and the Alabama Court of Criminal Appeals affirmed its dismissal explaining:

> In claim (2), [Hanif] argues that the trial court was without jurisdiction to render judgment or impose sentence because § 13A-6- 110, Ala Code l975, was repealed prior to his conviction. Specifically, Hanif contends that because he pleaded guilty in 2010 and § 13A-6- 110, Ala. Code 1975, was repealed in 2009, his charges were due to be dismissed.
>
> It is well settled that:
>
> > " ' "The repeal and simultaneous reenactment of substantially the same statutory provisions is to be construed, not as implied repeal of the original statute, but as a continuation thereof.' 36 Cyc. 1 084(E); *Endlich on Statutes*, § 490; *Sutherland on Stat. Construction*, § 134; *Forbes v. Board of Health*, 27 Fla. 189, 9 South. 446, 26

24

Am.St.Rep. 63 [ (1891) ]; *Brown v. Pinkerton*, 95 Minn. 153, 103 N.W. 897, 900, Ill Am.St.Rep. 448 [ (1905) ]; *Haspel v. O'Brien*, 218 Pa. 146, 67 Atl. 123, 11 Ann.Cas. 470, and note 472 [ (1907) ]; *White, etc., Co. v. Harris*, 252 Ill. 361, 96 N.E. 857, Ann.Cas.1912D, 536 [ (1911) ]."

*Allgood v. Sloss-Sheffield Steel & Iron Co.*, 196 Ala. 500, 502, 71 So. 724, 725 (1916); see also *State v. Youngstown Mining Co.*, 219 Ala. 178, 180, 121 So. 550, 552 (1929) ("The repeal of a statute without a saving clause does not destroy vested rights theretofore accruing."); *Tucker v. McLendon*, 210 Ala. 562, 564, 98 So. 797, 799 (1924) (" 'The repeal and simultaneous reenactment of substantially the same statutory provisions is to be construed not as an implied repeal of the original statute, but as a continuation thereof.' "(quoting 39 Cyc. 1084(E))); *Haden v. Lee's Mobile Homes, Inc.*, 41 Ala.App. 376, 136 So.2d 912 (196l)(same).

*Burt v. State*, 149 So. 3d Ill 0, 1115 (Ala. Crim. App. 2013).

At the time that Hanif committed the offense, § 13A-6-11 0, Ala. Code 1975

(repealed), provided:

> "In addition to the provisions of Section 13A-6-69, a person is guilty of solicitation of a child by a computer if the person is 19 years of age or older and the person knowingly, with the intent to commit an unlawful sex act, entices, induces, persuades, seduces, prevails, advises, coerces, or orders, by means of a computer, a child who is less that 16 years of age and at least three years younger than the defendant, to meet with the defendant or any other person for the purpose of engaging in sexual intercourse, sodomy, or to engage in a sexual performance, obscene sexual performance, or sexual conduct for his or her benefit."

Effective May 22, 2009, § 13A-6-110, Ala. Code 1975, was repealed and replaced by§ 13A-6-122, Ala. Code 1975, which states:

> "In addition to the provisions of Section 13A-6-69, a person who, knowingly, with the intent to commit an unlawful sex act, entices, induces, persuades, seduces, prevails, advises, coerces, lures, or orders, or attempts to entice, induce, persuade, seduce, prevail, advise, coerce, lure, or order, by means of a computer, on-line service,

Internet service, Internet bulletin board service, weblog, cellular phone, video game system, personal data assistant, telephone, facsimile machine, camera, universal serial bus drive, writable compact disc, magnetic storage device, floppy disk, or any other electronic communication or storage device, a child who is at least three years younger than the defendant, or another person believed by the defendant to be a child at least three years younger than the defendant to meet with the defendant or any other person for the purpose of engaging in sexual intercourse, sodomy, or to engage in a sexual performance, obscene sexual performance, or sexual conduct for his or her benefit or for the benefit of

another, is guilty of electronic solicitation of a child. Any person who violates this section commits a Class B felony."

Because § 13A-6-122, Ala. Code 1975, simultaneously repealed and replaced § 13A-6-110, Ala. Code 1975, and the two statutes are substantially the same, this Court will construe § 13A-6-122, Ala. Code 1975, as a continuation of § 13A-6-110, Ala. Code 1975, rather than a repeal. *Burt*, 149 So. 3d at 1115. Accordingly, this issue does not entitled Hanif to any relief.

(Doc. 44-14 at 7-10).

The Alabama Court of Criminal Appeals' adjudication of Hanif's claim that the trial court lacked jurisdiction was not contrary to, nor did it involve an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Thus, the claim has been adjudicated on the merits pursuant to 28 U.S.C. § 2254(d) and is due to be **DENIED**. This claim is based only on allegations that the state misapplied its own laws. Errors of state law do not warrant federal habeas relief. *See e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal

court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983) (per curiam) ("Questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes…A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.").

### B. Claims Two, Three, Four, Five, and Eight

In Claims Two, Three, Four, Five, and Eight, Petitioner claims the following:

(2) that it is an essential element of the crime that an actual child be involved and the "child" was actually an undercover police officer;

(3) that he did not knowingly attempt to solicit a child by a computer because the undercover officer was not actually a child and also because he believed that the "child" he was communicating with was actually an adult that was lying about her age;

(4) that the State of Alabama illegally spoiled evidence against him;

(5) that there was a fatal variance between the indictment and the charges as presented to the jury;

(8) that he was lured, tricked, or entrapped to commit the offense.

(Doc. 21). Respondent argues that each of these claims were raised in Petitioner's Rule 32 petition. There, the circuit court dismissed each of these claims after it determined they were procedurally defaulted as Petitioner could have raised them at trial or on direct appeal but did not. (*See* Docs. 32-17 at 51-58, 81-82, 118, citing Ala. R. Crim. P. 32.2(a)(3)-(5). Petitioner did not reassert these claims on appeal and in *In re: Rehan Hanif v. State of Alabama*, Criminal Appeals: CR-15-0100, the Alabama Court of Criminal Appeals held that each of these claims has been abandoned. (Doc.

44-14 at 4).[10] On March 17, 2017, the Alabama Supreme Court denied certiorari. (Doc. 44-18).

When a state court has found a claim to be "abandoned" on collateral appeal, the Eleventh Circuit has considered the claim to be "procedurally defaulted for federal habeas purposes." *Sims v. Singletary,* 155 F.3d 1297, 1311 (11th Cir.1998). Since the state court founds this claim to be procedurally barred, this Court is precluded from addressing the merits of this claim unless Hanif can show "cause and prejudice" for his procedural default or that he is "actually innocent." *Johnson v. Singletary,* 938 F.2d 1166, 1174–75 (11th Cir.1991). "The actually innocent exception is alternatively known as the fundamental miscarriage of justice exception." *Id.* Hanif has not shown "cause and prejudice" for default of these claims, or that a "fundamental miscarriage of justice" will occur if this Court does not review them. As Harif has not demonstrated that either exception applies to his case, Claims Two, Three, Four, Five, and Eight are procedurally barred.

### C. Claim Six: Incomplete Appellate Record

In Claim Six, Hanif argues that he was prejudiced on direct appeal due to an incomplete appellate record. (Doc. 21 at 7). The Alabama Court of Criminal Appeals examined this claim on the merits and determined that Hanif was not entitled to relief on this claim. (Doc. 32-11 at 4-6). Specifically, the Alabama Court of Criminal Appeals held:

---

[10] In the Alabama Court of Criminal Appeals decision, Claim Two is identified as Claim Five, Claim Three is identified as Claims Three/Four, Claim Four is identified as Claim Seven, Claim Five is identified as Claim Eight, and Claim Eight is identified as Claim Four. (Doc. 44-14).

Hanif contends that he has been prejudiced by an incomplete record on appeal. Specifically, Hanif contends that he is represented by new counsel on appeal who is unable to adequately review the record on appeal because the record does not contain a transcript of the opening and closing statements made at trial or a copy of the transcript of Hanif's original guilty-plea hearing.

> "Where the transcript or record is incomplete, two rules have evolved. The first applies to the situation where the appellant is represented on appeal by the same counsel that represented him at trial. In that case, the failure to supply a complete record is not error per se and will not work a reversal absent a specific showing of prejudice. In other words, in such a case, the appellant must show that failure to record and preserve the specific portion of the trial proceedings complained of visits a hardship upon him and prejudices his appeal. The second applies to the situation where the appellant is represented by new counsel on appeal. When he is represented on appeal by counsel other than the attorney at trial, the absence of a substantial and significant portion of the record, even absent any showing of specific prejudice or error, is sufficient to warrant reversal. *Ex parte Godbolt*, [546 So. 2d 991, 998 (Ala. 1987),] adopting the rule established in *United States v. Selva*, 559 F.2d 1303 (5th Cir.1977). 'We do not advocate a mechanistic approach to situations involving the absence of a complete transcript of the trial proceedings. We must, however, be able to conclude affirmatively that no substantial rights of the appellant have been adversely affected by the omissions from the transcript.' *Ex parte Godbolt*, 546 So. 2d at 997, quoting with approval, *United States v. Selva*, 559 F.2d at 1305-06."

*Ingram v. State*, 779 So. 2d 1225, 1280-81 (Ala. Crim. App. 1999).

Regarding Hanif's challenge based on the absence of transcripts of the opening and closing statements at trial, the record indicates that Hanif only designated the trial proceedings on the transcript-order form and did not designate for transcription the arguments of counsel. The record on appeal contains an objection made by defense counsel during the prosecutor's opening statement, but does not contain a transcript of the prosecutor's opening statement or the closing statements made by the prosecutor or defense counsel. [FN2 The record indicates that defense counsel waived opening statement.] A court reporter is not required to transcribe opening or closing statements in a non-capital case, except when objections are made. *Ex parte Godbolt*, 546 So. 2d at 996.

Therefore, it is incumbent on the appellant to designate the arguments of counsel for transcription on appeal.

Furthermore, Hanif did not seek to supplement the record on appeal with a transcript of the opening and closing statements. "It is the appellant's duty to provide this Court with a complete record on appeal, and we will not predicate error on a silent record." *Gamble v. State*, 791 So.2d 409, 418 (Ala. Crim. App. 2000). Accordingly, Hanif is not entitled to relief on this claim.

Regarding Hanif's challenge based on the absence of a transcript of the guilty-plea proceedings, the record on appeal indicates that Hanif twice moved to supplement the record on appeal with transcripts of his 2010 guilty-plea proceedings and the 2012 hearing on his Rule 32 petition. In response to Hanif's motion to supplement, the court reporter notified this Court that she was not the court reporter who recorded the guilty-plea proceedings and that the transcript of the guilty-plea proceedings was unavailable. Notably, Hanif received Rule 32 relief based on the lack of availability of a transcript of the guilty-plea proceedings. Because Hanif already received relief for the omission of the transcript of the guilty-plea proceedings and because a transcript of a previous guilty-plea hearing is a not a "substantial and significant" portion of the record that implicates Hanif's substantial rights with respect to a subsequent trial, Hanif is not entitled to relief on this claim. *See Ingram*, 779 So. 2d at 1280-81.

(Doc. 32-11 at 4-6). On December 6, 2013, the Alabama Supreme Court denied Hanif's petition for writ of certiorari with regard to the Alabama Court of Criminal Appeals' opinion quoted above. (Doc. 32-15, Criminal Appeals Number: CR-120273).

"If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) [and (d)(2) ] on the record that was before that state court." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1400 (2011); *see Landers v. Warden,* 776 F.3d 1288, 1295 (11th Cir. 2015)(applying *Cullen* to claim brought pursuant to § 2254(d)(2)). "Therefore, before a habeas petitioner may be entitled to a federal evidentiary hearing on a claim that has been adjudicated [on the

merits] by the state court, he must demonstrate a clearly established federal-law error[, § 2254(d)(1),] or an unreasonable determination of fact[, § 2254(d)(2),] on the part of the state court, based ***solely*** on the state court record." *Landers,* 776 F.3d at 1295 (emphasis added). "Once a petitioner has demonstrated such an error or unreasonable determination, the decision to grant an evidentiary hearing rests in the discretion of the district court." *Id.* (internal citations and quotations omitted).

Hanif has failed to satisfy either requirement, thus habeas relief is unavailable, and the undersigned recommends that Claim Six be **DENIED**, and that the Court determine that no hearing on this claim is required.

### D.     Claim Seven: Ineffective Assistance of Counsel

In Claim Seven, Hanif alleges that trial counsel was ineffective for (1) failing to inform him of his right to testify that he believed the "child" he traveled to meet was not a minor based on her online profile picture and her voice on the phone and (2) for failing to call the undercover officer posing as the child as a witness so that the jury could hear her voice. (Doc. 21 at 9-11). Both claims were raised in Hanif's second Rule 32 petition, and reasserted on appeal. (Doc. 32-17 at 20-30).

#### 1.  Right to Testify

The Alabama Court of Criminal Appeals determined that Hanif's claim with regard to counsel failing to inform him of his right to testify on his behalf failed to satisfy the two-prong *Strickland v. Washington* test. Hanif asserts that his trial counsel was ineffective for failing to inform him of his right to testify in his defense, and that had he been informed of that right, he would have testified that he believed

the "child" he traveled to meet was not a minor based on her online profile picture and her voice on the phone. (Doc. 21 at 9.) The Court of Criminal Appeals addressed that allegation as follows:

> Assuming without deciding that trial counsel's failure to properly inform him of his right to testify fell "outside the wide range of professionally competent assistance," Hanif has still failed to show that "there is a reasonable probability that ... the result of the proceeding would have been different." *Strickland*, 44 U.S. at 689-90.
>
> At trial, Investigator Thomas Green testified that he interviewed Hanif after his arrest and Hanif "told [Green] that he came to the car wash to meet what he thought was a 14-year-old girl for oral sex." [Footnote omitted.] (R. 88.) Officer Cowan also testified that he informed Hanif several times throughout their communications that he was a 14-year-old girl. Additionally, Hanif provided officers with the following voluntary, written statement following his arrest, which was admitted into evidence at trial:
>
>> "In Yahoo chat, I talked someone .... Tonight I was homesick and lot of pressure in my mind about study what profession I should choose so I just -- so just for get rid of this situation I got into Yahoo chat room. I talk to different people and one chatter I talked to I was ... she is older because I have seen her picture in Yahoo profile. I thought she is above 21 and we talked about meet in Gulf Shores. I told her I don't want any real sex ... but we may have oral or anything. I can feel her comfortable .... I admit it is my fault. Should not talk to her about any sexual discussion. If I will be released from this situation, I will not - I will never talk to any chat room and I hope all officers will understand my situation. And I promise myself and will never do this again in my life. I just tell one thing. If it is totally misunderstanding .... It is my bad luck. I was counseling her above 21 because in the picture she looked above 21. And I enough she is just playing - or I thought she is just playing and I took my chances. If she is under age, I will not even talk to her. I came Gulf Shores to see whether she is under age or not. If she was under age, I would go back even without seeing her by making some excuse, and if she is above 21, then I can talk, maybe eat. I will never do this again. This is my promise to myself and God."
>
> (R. 90-91.) Thus, Hanif's testimony that he thought he was communicating with a female adult who was pretending to a 14- year

> old girl was presented to the jury at trial, even without Hanif taking the
> stand in his own defense. Consequently, Hanif failed to satisfy the two-
> prong test from *Strickland v. Washington*, 466 U.S. 668 (1984); as a
> result, the circuit court did not err in dismissing this issue in Hanif's
> Rule 32 petition.

(Doc. 44-14 at 5-7). The Alabama Court of Appeal's findings did not involve an unreasonable application of the *Strickland* standard to the facts of Hanif's case. This court finds no error with regard to the Alabama Court of Criminal Appeals' determination that Hanif's allegations of ineffective assistance of counsel failed to satisfy the *Stickland* prejudice prong. Accordingly, Hanif is not entitled to habeas relief on this claim.

### 2. Failure to Call Witness

Hanif has also claims that he is entitled to relief because his trial counsel rendered ineffective assistance by failing to call Officer Janelle White as a witness at trial. (Doc. 21 at 9.) In rejecting this claim, the Alabama Court of Criminal Appeals stated:

> Hanif next argues that he received ineffective assistance of counsel
> because trial counsel failed to call Officer Janelle White, the female
> officer with whom Hanif was communicating on the phone, to testify at
> trial. Specifically, he claims that had his trial attorneys called White to
> testify, then she would have shown the jury that he was communicating
> on the phone with a female adult who was pretending to a 14-year-old
> girl. Hanif claims that, because he was communicating with White, an
> adult, he could not knowingly and intentionally solicit a child, which is
> an essential element of attempted solicitation of a child by computer.
> See 13A-4-2 and 13A-6-110, Ala. Code 1975. Hanif's argument, however,
> is without merit. Assuming without deciding that trial counsels' failure
> to call White to testify at trial fell "outside the wide range of
> professionally competent assistance," he has still failed to show that
> "there is a reasonable probability that . . . the result of the proceeding
> would have been different." Strickland, 44 U.S. at 689-90. At trial,
> Officer Cowan testified that White was an adult, over 16, and married.

Consequently, Hanif failed to satisfy the two-prong test from *Strickland v. Washington*, 466 U.S. 668 (1984); as a result, the circuit court did not err in denying him relief on this claim.

(Doc. 44-14 at 7). In its opinion affirming the denial of Hanif's Rule 32 petition, the Court of Criminal Appeals found that, Hanif could not show that he was prejudiced by the failure of trial counsel to call Officer White to testify because the jury was aware that she was a married adult and nevertheless convicted him. This ruling was correct. Hanif has failed to plead any facts suggesting he would have prevailed on the claim had Officer White testified. Hanif has failed to satisfy the *Stickland* prejudice prong. and he not entitled to habeas relief on this claim.

For these reasons, Hanif has failed to show that the Court of Criminal Appeals' disposition of his ineffective assistance of counsel claims was "contrary to, or an unreasonable application of, Federal law, as determined by the United States Supreme Court." 28 U.S.C. § 2254(d)(l). Accordingly, Hanif is not entitled to relief based on these claims.

### D. Claim Nine: Improper Sex Offender Classification

Hanif next asserts that he was "wrongly assigned sex offender status under State of Alabama sex offender laws." (Doc. 21 at 12). In summary, Hanif claims this classification is erroneous because he did not solicit a "child," because his communications were actually with an undercover law enforcement officer. Hanif claims the classification violates his constitutional rights.

Respondent argues that this claim is not cognizable under § 2254 as it challenges an administrative classification. Further, as Hanif has been released from the custody of the State of Alabama, even if the prison classification claim was

cognizable, this Court cannot provide Hanif any relief. Hanif argues this his claim is not moot as a result of the "ongoing collateral consequences of state sex offender laws" that he will suffer after release from custody. (Doc. 21 at 14).

To the extent this claim challenges the validity of Hanif's underlying conviction and consequences of his sex offender classification once released, this claim was "adjudicated on the merits in state court proceedings." 28 U.S.C. § 2254(d). On February 13, 2015, the Alabama Supreme Court denied Hanif's petition for writ of certiorari. (Docs. 44-6, 44-10). With regard to this claim, the Alabama Court of Criminal Appeals explained:

> The record indicates that Hanif was convicted of attempted solicitation of a child by computer in violation of §§ 13A-6-110 and 13A-4-2, Ala. Code 1975. Hanif appears to contend that, because § 13A-6-110 has been repealed since his conviction, and the new statute under which he would have been convicted if he was convicted now contains different language, his conviction does not qualify as a sex offense. However, contrary to Hanif's assertion, Section 15-20A-5(31), Ala. Code 1975, provides that a sex offense includes "[a]ny offense which is the same as or equivalent to any offense set forth above as the same exists and was defined under the laws of this state existing at the time of such conviction, specifically including, but not limited to…soliciting a child by computer, as provided by Section 13A-6-110." Section 15-20A-5(32) further provides that a sex offense also includes "[a]ny solicitation, attempt, or conspiracy to commit any of the offenses listed in subdivisions (1) to (3)…"

(Doc. 44-6 at 5). Based on the foregoing, the state court has previously determined that Hanif's classification is proper. Hanif has made no showing that the state court's adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; *or*

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Accordingly, he is not entitled to habeas relief.

### E.    Certificate of Appealability

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."  28 U.S.C.A. § 2253(c)(1)(A); *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) ("Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal.")  "A certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' "  *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)).   However, "a COA does not require a showing that the appeal will succeed."  *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  *See also Miller-El*, 537 U.S. at 336 ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or

that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)).). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 338 (quotations omitted).

Upon consideration, the undersigned **RECOMMENDS** that a Certificate of Appealability in this action be **DENIED**. The undersigned finds that reasonable jurists could not debate whether Hanif's petition should be resolved in a different manner or that any of the issues presented is adequate to deserve encouragement to proceed further. Accordingly, Hanif is not entitled to a Certificate of Appealability on any of his claims.

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the Petitioner, he may bring this argument to the attention of the district judge in the objections to this report and recommendation that he is entitled to submit. *See, e.g.*, *Brightwell v. Patterson*, No. CA 11-0165-WS-

C, 2011 WL 1930676, at *6 (S.D. Ala. Apr. 11, 2011), *report & recommendation adopted*, 2011 WL 1930662 (S.D. Ala. May 19, 2011), *certificate of appealability denied* (11th Cir. Oct. 11, 2011 (Hull, J.)); *Griffin v. DeRosa*, No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sep. 20, 2010) (providing for same procedure), *report & recommendation adopted sub nom. Griffin v. Butterworth*, 2010 W: 3943699 (N.D. Oct. 5, 2010).[11]

## F.    Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. § 1915(a)(3).  A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding."  *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir. 2000).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is *860 "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being

---

[11] Should the Court adopt this recommendation and deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, the undersigned **RECOMMENDS** the Court certify that any appeal by Hanif in this action would be without merit and therefore not taken in good faith and, accordingly, find that Hanif is not entitled to appeal *in forma pauperis.*

## IV.    CONCLUSION AND RECOMMENDATIONS

In accordance with the foregoing analysis, it is **RECOMMENDED** as follows:

1. That Hanif's habeas petition (Doc. 21) be **DENIED**;

2. That this action be **DISMISSED with prejudice** and that judgment be entered in favor of the Respondent; and

3. That the Court find Hanif not entitled to either a certificate of appealability or to appeal *in forma pauperis.*

## V.    NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P 72(b); S.D. Ala. GenLR 72(c). The parties should note that under

Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **1**st day of **March 2018.**

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**